**RODNEY S. DIGGS, ESQ. (SBN 274459)**
*rdiggs@imwlaw.com*
**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
*akizzie@imwlaw.com*
**YALDA PAYDAR (SBN 326081)**
*ypaydar@imwlaw.com*
**IVIE  McNEILL WYATT**
**PURCELL & DIGGS**
**A Professional Law Corporation**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Attorneys for Plaintiff
**ELISE BROWN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE BROWN, an individual, | ) CASE NO.: |
| | ) |
| *Plaintiff,* | ) **ORIGINAL COMPLAINT FOR** |
| | ) **DAMAGES** |
| vs. | ) |
| | ) **EXCESSIVE FORCE (42 U.S.C. §** |
| COUNTY OF SAN | ) **1983)** |
| BERNARDINO, a municipal entity, | ) **FIRST** |
| CITY OF CHINO, a municipal | ) **AMENDMENT/QUESTIONING** |
| entity,  and DOES 1-10, Inclusive, | ) **POLICE ACTION- (42 U.S.C. §** |
| | ) **1983)** |
| *Defendants.* | ) **UNLAWFUL/UNREASONABLE** |
| | ) **SEIZURE- DETENTION- (42 U.S.C.** |
| | ) **§ 1983)** |
| | ) **VIOLATION OF RIGHT TO** |
| | ) **EQUAL PROTECTION- 14th** |
| | ) **AMENDMENT/42 U.S.C. § 1983** |
| | ) **MONELL LIABILITY—** |
| | ) **RATIFICATION (42 U.S.C. § 1983)** |
| | ) **MONELL LIABILITY—** |
| | ) **INADEQUATE TRAINING (42** |

| | |
|---|---|
| ) | **U.S.C. § 1983)** |
| ) | **MONELL LIABILITY—** |
| ) | **UNCONSTITUTIONAL CUSTOM,** |
| ) | **PRACTICE, POLICY (42 U.S.C. §** |
| ) | **1983)** |
| ) | **BATTERY/ASSAULT- (Cal.** |
| ) | **Government Code §§ 815.2(a),** |
| ) | **820(a); Cal. Civil Code § 43)** |
| ) | **VIOLATION OF THE BANE ACT** |
| ) | **(CAL. CIV. § 52. 1)** |
| ).| **VIOLATION OF THE RALPH ACT** |
| ) | **(CAL. CIV. § 51. 7)** |
| .| **NEGLIGENCE- NEGLIGENT** |
| ) | **ENTRUSTMENT, HIRING,** |
| | **SUPERVISION, AND/OR** |
| ) | **RETENTION (Cal. Government** |
| | **Code §§ 815.2(a), 820(a); Cal. Civil** |
| | **Code § 43)** |
| .| **INTENTIONAL INFLICTION OF** |
| | **EMOTIONAL DISTRESS** |

**DEMAND FOR JURY TRIAL**

**COMES NOW ELISE BROWN** ("PLAINTIFF") who alleges as follows:

**INTRODUCTION**

1.     This civil rights action seeks compensatory and punitive damages from Defendants **THE COUNTY OF SAN BERNARDINO** ("COUNTY"), **CITY OF CHINO** ("CITY"), and DOES 1-10, Inclusive, ("Defendants," collectively) for violating various rights under the United States Constitution and state law in connection with Defendants' conduct on July 7, 2019 resulting in Plaintiff's serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial.

///

///

## JURISDICTION AND VENUE

2.      Venue and jurisdiction are proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.      At all relevant times herein, MS. ELISE BROWN, an individual, ("PLAINTIFF") was an individual residing in the City of Chino, California in the County of San Bernardino.

6.      At all relevant times herein, Defendant COUNTY OF SAN BERNARDINO (hereinafter "COUNTY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the County of San Bernardino Sheriff's Department, and its tactics, methods, practices, customs and usage. At all relevant times, COUNTY OF SAN BERNARDINO was the employer Defendants DOES 1-10 who were COUNTY OF SAN BERNARDINO deputies, police officers, managerial, supervisorial, and policymaking employees of County of San Bernardino Sheriff's Department.

7.     At all relevant times herein, Defendant CITY OF CHINO (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY of CHINO Police Department and/or County of San Bernardino Sheriff's Department, and its tactics, methods, practices, customs and usage. Upon information and belief, at all relevant times, CITY was the employer Defendants DOES 1-10 who were CITY and/or COUNTY OF SAN BERNARDINO deputies, police officers, managerial, supervisorial, and policymaking employees of CITY of CHINO Police Department and/or County of San Bernardino Sheriff's Department.

8.     At all times mentioned herein and material hereto, Defendant DOES 1-10, individuals, ("DOES") were engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY and/or CITY, duly employed as police officer or sheriff's deputy by the COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT and/or CITY OF CHINO POLICE DEPARTMENT, who was acting in the course and scope of her employment all times relevant to the acts and omissions herein alleged.

9.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiff is informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent,

careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

10.     Each of the individual Defendants sued herein is sued both in her or her individual and personal capacity, as well as in her or her official capacity.

11.     On information and belief, at all relevant times, Defendant DOES 1-10 were residents of the County of San Bernardino, California and/or the City of Chino, California.

12.     At all relevant times, Defendant DOES 1-10 were duly authorized employees and agents of CITY and/or COUNTY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY and/or COUNTY.

13.     At all relevant times, Defendants DOES 1-10 were duly appointed deputies/officers and/or employees or agents of Defendant CITY and/or COUNTY, subject to oversight and supervision by Defendant CITY and/or COUNTY's elected and non-elected officials.

14.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of Defendant CITY and/or COUNTY.

15.     At all times mentioned herein, each and every CITY and/or COUNTY defendant was the agent of each and every other CITY and/or COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY and/or COUNTY defendant.

16.   At all relevant times, Defendants DOES 1-10 were working for Defendants CITY and/or COUNTY as police officers and/or sheriff's deputies.

17.   On December 12, 2019, Plaintiff filed comprehensive Claims for Damages ("Claim") with DEFENDANT COUNTY OF SAN BERNARDINO pursuant to applicable sections in the California Government Code and California Civil Code.

18.   On December 13, 2019, Plaintiff filed comprehensive Claims for Damages ("Claim") with CITY OF CHINO pursuant to applicable sections in the California Government Code and California Civil Code.

19.   Plaintiff's claim with Defendant COUNTY has been deemed rejected as a matter of law.

20.   Plaintiff's claim with Defendant CITY was rejected on December 19, 2019.

## FACTS COMMON TO ALL CAUSES OF ACTION

21.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.   On July 7, 2019, Plaintiff, an 84 year-old woman, was driving her car complying with all applicable laws and committing no crime, when she was unlawfully pulled over by Defendant DOES 1-10 ("DOES"), who were employed as police officers of the Defendant City of Chino and/or deputies of Defendant COUNTY OF SAN BERNARDINO, without reasonable suspicion and/or probable cause that Plaintiff had committed any crime, unreasonably and unlawfully detained Plaintiff requiring her to get out of her car, kneel on the ground and raise her shirt up, humiliating her before the public and causing her severe, ongoing physical, mental and emotional distress.

23.   Further, multiple DOES excessively and unreasonably held her at gunpoint during the entirety of the incident unreasonably long after it was or

should have been apparent that Plaintiff was an 84-year-old woman and not a suspect in any crime, also causing her severe, ongoing physical, mental and emotional distress.

24.     At no time was Plaintiff armed with any weapon, nor did DOES have any reasonable or lawful basis to believe that Plaintiff was armed with any weapon or a reasonable threat of death or bodily harm to anyone.

25.     Upon information and belief, contrary to Defendant DOES training they negligently assessed the circumstances presented to them and violently confronted PLAINTIFF.

26.     At no time during the course of these events did PLAINTIFF pose any reasonable or credible threat of death or serious bodily injury to Defendant DOES, nor did he do anything to justify the force used against her, and the same was deadly, excessive, unnecessary, and unlawful. PLAINTIFF made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy or police office that she had the will, or the ability to inflict substantial bodily harm against any individual.

27.     Despite the aforementioned conduct, Defendant CITY and/or COUNTY ratified, acquiesced, or otherwise turned a blind eye to Defendant DOES' misconduct, and allowed Defendant DOES' to remain a police officer and/or sheriff's deputy with Defendant City or County, which was a substantial and proximate cause of this incident and Plaintiff's damages. Upon information and belief, Defendant DOES displayed and acted with racial animus against Plaintiff in retaliation for and/or to prevent them from exercising their rights to be free from excessive force and/or verbally protest police misconduct in violation of Plaintiff's First Amendment rights.

28.     As a result of DEFENDANT DOES' aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to extreme and severe

emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, humiliation, anxiety, etc. all in a sum to be determined at trial.

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE 42 U.S.C. § 1983

## (Plaintiff against DEFENDANT CITY, COUNTY, and DOES 1-10, Inclusive)

29.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     At all times relevant to the acts and omissions herein alleged, Defendant DOES 1-10 were employed by the Defendants CITY and/or COUNTY as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the CITY of Chino Police Department and/or COUNTY of San Bernardino Sheriff's Department.

31.     Despite not physically or actively resisting DEFENDANTS DOES or engaging in any criminal misconduct and without any reasonable suspicion or probable cause to believe that Plaintiff was armed or involved in any crime or posed an objectively reasonable threat of death or serious bodily harm to the DEFENDANTS DOES, DEFENDANTS used excessive force against Plaintiff by detaining Plaintiff at gunpoint in an unreasonable manner and for an unreasonable time which was unnecessarily painful, degrading, harmful, intrusive, or prolonged, causing pain, terror, humiliation, grief, anxiety, and distress.

32.     As result of the excessive force, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries.

33.     Upon information and belief, the DEFENDANTS DOES have had several prior complaints of excessive force brought against them by citizens of the CITY and/or COUNTY indicative of the defendant officers' propensity to use excessive force that went uninvestigated and/or for which the deputies were subjected to no discipline nor remedial training or repercussions indicative of an

unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force.

34.     The excessive use of force deprived Plaintiff of her right to be secure in her person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     The conduct of the DEFENDANTS was excessive, objectively unreasonable, willful, wanton, malicious, and in reckless disregard for the rights and safety of Plaintiff, especially because Plaintiff was unarmed, did not physically or verbally threaten the deputies with any physical harm, did not commit any crime, was not fleeing or attempting to flee, and was not physically or actively resisting the DEFENDANTS efforts to arrest/detain her. The aforementioned conduct warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

36.     Upon information and belief, DEFENDANTS' conduct violated their standard police training.

37.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

38.     Plaintiff seeks past, present and future general, special, compensatory and consequential damages for the violation of Plaintiff's rights.  Plaintiff also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. §§ 1983, 1985, and 1986.

///

///

///

**SECOND CAUSE OF ACTION**

**FIRST AMENDMENT/QUESTIONING POLICE ACTION- 42 U.S.C. § 1983**
**(Plaintiff against DEFENDANT CITY, COUNTY, and DOES 1-10, Inclusive)**

39.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

41.     Upon information and belief, DEFENDANTS chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of her right to protest police misconduct and deprivation liberty and free movement on the date of the incident.

42.     The conduct of DEFENDANTS was willful, wanton, malicious, and with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

43.     As a result of their misconduct, DEFENDANTS are liable for PLAINTIFF'S physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

44.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1983.

///

///

///

## **THIRD CAUSE OF ACTION**

**UNLAWFUL/UNREASONABL SEIZURE- DETENTION 42 U.S.C. § 1983**

**(Plaintiff against DEFENDANT CITY, COUNTY, and DOES 1-10, Inclusive)**

45.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.     At all times relevant herein, Plaintiff had a constitutionally afforded right against unlawful detentions which are unreasonable due to no reasonable suspicion that Plaintiff committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

47.     Upon information and belief in the instant case, Plaintiff's detention was unlawful because Plaintiff committed no crime and Defendant DOE Officers 1-10 had no objectively reasonable suspicion that Plaintiff committed any crime.

48.     Upon information and belief in the instant case, Plaintiff's detention was unlawful because it was unreasonable in time and/or manner unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and not justified under the circumstances, especially when such detention was continued despite Defendants knowing or having reason to know that Plaintiff was a harmless 84 year-old woman.

49.     Upon information and belief, the DEFENDANTS unreasonably detained Plaintiff in a fearsome, degrading, prolonged, intimidating, intrusive, and embarrassing manner despite no reasonable belief that Plaintiff was armed, verbally or physically resisting them, attempting to flee or a threat of death or serious bodily harm to the DEFENDANTS. This use of force and authority made it clear that Plaintiff was not free to go and was instead being detained as a criminal when Plaintiff committed no crime.

50.     Upon information and belief, the Defendant OFFICERS further unreasonably, painfully, unjustifiably, degradingly, and harmfully handcuffed and searched Plaintiff and kept her in handcuffs whereby she was harmed mentally, physically and/or emotionally and detained for an unreasonable amount of time and/or manner because Plaintiff was never lawfully arrested.

51.     Upon information and belief and despite not being under any lawful arrest, Plaintiff's person, effects and/or vehicle was searched in humiliating view of other civilians in violation of her rights against unreasonable search and seizure

52.      The aforementioned facts of Plaintiff's unreasonable detention and search directly and proximately caused Plaintiff general and special damages in an amount to be determined.

53.     Accordingly, Defendants CITY, COUNTY, AND/OR DEFENDANT DOES each are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

### VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT/42 U.S.C. § 1983

### (Against DEFENDANT DOES 1 through 10)

54.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.     At all times relevant herein, Plaintiff had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

56.     Upon information and belief, DEFENDANT DOES 1 through 10, Inclusive chose to use and/or used excessive force against and/or otherwise violated Plaintiff's rights and treated Plaintiff differently in retaliation for

Plaintiff's exercising of their right to be free of excessive force, police misconduct, liberty and free movement.

57.     Upon information and belief, a substantial and motivating reason for the DEFENDANT DOES 1 through 10's use of excessive force, unlawful detention was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the Plaintiff because of Plaintiff's age, race, national origin, clear and apparent vulnerability in reckless disregard of PLAINTIFF's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

58.     The conduct DEFENDANTS was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

59.     As a result of their misconduct, DEFENDANTS are liable for Plaintiff's physical, mental, and emotional injuries, pain and suffering either because they were integral participants in the excessive force and equal protection deprivation, or because they failed to intervene to prevent these violations. As a further proximate result of the above-described conduct of the Defendants, and each of them in an amount according to proof at trial.

60.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1983.

///

///

///

///

## FIFTH CAUSE OF ACTION

### MUNCIPAL LIABILITY-42 U.S.C. § 1983- RATIFICATION
### (Against Defendant CITY and COUNTY)

61.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.    DEFENDANT DOES 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant CITY and/or COUNTY.

63.    The acts of DEFENDANT DOES 1-10, inclusive deprived PLAINTIFF of her particular rights under the United States Constitution and aforementioned statutes.

64.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANT DOES 1-10, inclusive, ratified (or will ratify DEFENDANTS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these defendants.

65.    Upon information and belief, a final policy maker determined DEFENDANTS' unconstitutional actions were "within policy" and ratified their acts alleged herein.

66.    By reason of the aforementioned acts and omissions, Plaintiff has suffered and hereby claims loss of wages, past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages, and loss of earning capacity.

67.    Accordingly, Defendant CITY AND/OR COUNTY ARE directly liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

68.    Plaintiff also seeks attorney fees under 42 U.S.C. § 1988 as to this claim.

## SIXTH CAUSE OF ACTION

## MUNCIPAL LIABILITY- INADEQUATE TRAINING (42 U.S.C. § 1983)

## (Against Defendant CITY AND COUNTY)

69.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

70.     DEFENDANT DOES 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant CITY and/or COUNTY.

71.     The acts of DEFENDANT DOES 1-10, inclusive deprived PLAINTIFF of her particular rights under the United States Constitution and aforementioned statutes.

72.     The training policies of Defendant CITY AND COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

73.     Defendant CITY AND COUNTY were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

74.     The failure of Defendant CITY AND COUNTY to provide adequate training caused the deprivation of the plaintiff's rights by DEFENDANTS; that is, the CITY's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury. Specifically, DEFENDANT CITY and COUNTY failed to train or ensure that Defendants remained compliant with DEFENDANT CITY and COUNTY training to not use excessive force and not detain persons without reasonable suspicion or arrest persons without probable cause.

75.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of wages and loss of earning capacity. The aforementioned acts and omissions also caused PLAINTIFF's past and ongoing physical, mental and emotional pain and suffering.

76.      Accordingly, Defendant CITY AND COUNTY are directly liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorney fees pursuant to 42 U.S.C. § 1988 under this claim.

## SEVENTH CAUSE OF ACTION

**MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM, PRACTICE OR POLICY (42 U.S.C. § 1983)**

**(Against Defendant CITY and COUNTY)**

77.      Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.      DEFENDANT DOES 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant CITY and/or COUNTY.

79.      The acts of DEFENDANT DOES 1-10, inclusive deprived PLAINTIFF of her particular rights under the United States Constitution and aforementioned statutes.

80.      DEFENDANT DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY and COUNTY.

81.      On information and belief, DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

82.      DEFENDANTS, together with other CITY and COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)      Using excessive force;

(b)      Providing inadequate training regarding the use of force;

(c)      Employing and retaining as police officers individuals such as

DEFENDANTS, who Defendant CITY and/or COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including DEFENDANTS, who Defendant CITY and/or COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY and/or COUNTY officers/deputies and DEFENDANT DOES 1-10;

(f)    Failing to adequately discipline CITY and/or COUNTY police officers, including DEFENDANTS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified uses of excessive force are "within policy," including incidents that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving

another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

(k)     Detaining citizens without reasonable suspicion or in an unreasonable manner or for an unreasonable amount of time.

83.     The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are further evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the City of Chino Police and/or County of San Bernardino Sheriff's Department. The following cases, without limitation, are examples of continued misconduct by police officers working for the City of Chino Police and/or County of San Bernardino Sheriff's Department:

(a)     Moreover, on information and belief, this is not DEFENDANT DOES 1-10's first complaint or lawsuit alleging excessive force.  Following these previous incidents, Defendant CITY and/or COUNTY failed to terminate DEFENDANTS, adequately discipline or retrain DEFENDANTS, or otherwise protect the public from DEFENDANTS. As a result of these actions and omissions, PLAINTIFF and Plaintiff were injured and sustained mental, physical and emotional injuries.

84.     By reason of the aforementioned acts and omissions, Plaintiff suffered past, present and ongoing economic and non-economic damages including medical expenses, mental, physical and emotional damages.

85.     DEFENDANTS CITY AND COUNTY and DOES 1-10, together

with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

86.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, COUNTY and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

87.     On information and belief, there knowingly exists a secret group, society, fraternity, clique, and/or gang of police officers in the City of Chino Police Department and County of San Bernardino Sheriff's Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

88.     On information and belief, DEFENDANT DOES 1-10, and each of them, are a member of a secret group, society, fraternity, clique, and/or gang of police officers in the City of CHINO Police Department and County of San Bernardino Sheriff's Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

89.     Accordingly, DEFENDANTS and each of them are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

90.     Plaintiff also seeks attorney fees under 42 U.S.C. § 1988 for this

claim.

## EIGHTH CAUSE OF ACTION

### BATTERY BY A POLICE OFFICER AND ASSAULT
### (By Plaintiff against DEFENDANT DOES 1-10, inclusive)

91.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-90 of this complaint, and by reference incorporates the same herein and makes each a part hereof.

92.     All claims asserted herein against the Defendant COUNTY and CITY are presented pursuant to the Defendant CITY and COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

93.     At the aforementioned date, time and place, Defendants, and each of them, assaulted and battered Plaintiff by subjecting her to unreasonable force. Plaintiff did not consent to Defendants' wrongful, harmful, and offensive force and neither was Defendants' force privileged.

94.     By reason of the aforementioned Defendants' actions, Plaintiff was placed in great fear for her safety and physical and emotional wellbeing and had a reasonable belief that Defendants could carry out harm to Plaintiff.

95.     The aforementioned acts of DEFENDANTS, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

///

///

///

///

# NINTH CAUSE OF ACTION

## VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)

### (By Plaintiff against DEFENDANT DOES 1-10, inclusive)

96.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 95 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

97.     On or about the above stated dates, and sometime prior thereto, DEFENDANTS and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California through the aforementioned conduct, thereby providing a civil cause of action against defendants under California Civil Code Section 52.1.

98.     DEFENDANTS, while working as officers for the CITY and/or COUNTY, and acting within the course and scope of their official duties, interfered with or specifically intended and attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

99.     On information and belief, DEFENDANTS seized, searched, arrested, used force against and/or injured PLAINTIFF to prevent PLAINTIFF from exercising her rights or to retaliate against PLAINTIFF for having exercised her rights.

100.    As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

101.    DEFENDANT CITY and COUNTY are vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## TENTH CAUSE OF ACTION

### VIOLATION OF RALPH CAL. CIV. CODE 51.7

**(By Plaintiff against DEFENDANT DOES 1-10, inclusive)**

102.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 101 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

103.     On or about the above stated dates, and sometime prior thereto, DEFENDANTS and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against defendants under California Civil Code Section 51.7.

104.     DEFENDANTS, while working as officers for the CITY and/or COUNTY, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

105.     On information and belief, PLAINTIFF reasonably believed that if she exercised her constitutional rights to be free from unreasonable seizures, arrests, searches, and/or excessive force DEFENDANTS would commit acts involving violence, threats, coercion or intimidation against her person.

106.     On information and belief, DEFENDANTS seized, searched, arrested, used force against and/or injured PLAINTIFF to prevent PLAINTIFF from exercising her rights or to retaliate against PLAINTIFF for having exercised her rights.

107.     Upon information and belief, a substantial and motivating reason for the DEFENDANTS' use of excessive force, unlawful detention, search and arrest

was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the plaintiff because of Plaintiff's age, race, national origin, clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

108.    As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

109.    DEFENDANT CITY and/or COUNTY are vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## ELEVENTH CAUSE OF ACTION
### NEGLIGENCE/NEGLIGENT
### EMPLOYMENT/RETENTION/TRAINING/SUPERVISION
**(By Plaintiff against DEFENDANTS DOES 1-10, inclusive)**

110.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-109 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

111.    On information and belief and sometime prior to this incident, Defendants CITY and/or COUNTY knew, or in the exercise of due care, should have known, that DOES 1-10, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for violence, dishonesty and prevarication, especially against persons of color.

112.    At all times mentioned herein, Defendants CITY and/or COUNTY knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of DEFENDANTS, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

113.    At all times mentioned herein, DEFENDANTS had a duty under the law to not unlawfully detain, unlawfully arrest, unlawfully search and/or use excessive force under the United States Constitution, all State and Federal laws.

114.    Notwithstanding such knowledge, Defendants CITY and/or COUNTY negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train and control DEFENDANTS, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while purporting to act under the color of law.

115.    As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff suffered mental anguish, physical pain and suffering, emotional distress and financial losses, all to the Plaintiff's damage in a sum according to proof.

116.    Further, DEFENDANT CITY and/or COUNTY are responsible for the actions, inactions and damages caused by DEFENDANTS under *respondeat superior* including, but not limited to under California Govt. Code § 815.2, 820, and 825.

117.    Police officers, including DEFENDANT DOES 1-10, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officers so that they may perform their

duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

118.    The DEFENDANTS breached their duty of care to Plaintiff and every citizen by engaging in the conduct alleged herein. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b) the negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting negligence;

(c) the negligent scope and manner of the seizure and use of force, against PLAINTIFF;

(d) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-7, inclusive;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF;

(f) the negligent handling of evidence, witnesses, and the negligent investigation of the shooting of PLAINTIFF; and

(g) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

119.    As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe past and future mental and physical pain and suffering. PLAINTIFF was also caused to suffer substantial harm including but not limited to past and future pain and suffering. In other words, the DEFENDANTS' negligence was a substantial factor in causing PLAINTIFF'S harm.

120.    At all relevant times, PLAINTIFF was not an immediate threat of death or serious bodily injury to anyone, including DEFENDANTS, no warning was given, and less than lethal alternatives were available to DEFENDANTS.

121.    The harm caused by DEFENDANTS was caused by something that only the DEFENDANTS controlled. The DEFENDANTS had control over their firearms, as well as had control over the tactical decisions made during the interaction.

122.    DEFENDANTS' aforementioned violations of the law as stated was a substantial factor in bringing about Plaintiff's harm.

123.    The CITY and COUNTY are vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability. PLAINTIFF also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### TWELFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiff against DEFENDANT DOES 1-10, inclusive)

124.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 123 as though set forth in full herein.

125.    The above acts and omissions of DEFENDANTS were done with knowledge that Plaintiff was particularly susceptible to mental and emotional distress by virtue of Plaintiff's age, race, size and vulnerability.

126.    DEFENDANTS were officers who were acting in the course and scope of their employment and on behalf of Defendant CITY and/or COUNTY with all requisite authority conferred upon them by Defendant CITY and/or COUNTY.

127.    DEFENDANTS knew or had reason to know that their aforementioned unprivileged acts and omissions would cause Plaintiff severe and ongoing mental and emotional distress. The above-mentioned acts were committed by DEFENDANTS were extreme and outrageous with willful intention and/or reckless disregard that Plaintiff of the probability that Plaintiff would suffer severe emotional and mental distress as a result knowing that Plaintiff was present when the conduct occurred.

128.    By virtue of DEFENDANTS' positions and employment, Defendants CITY and/or COUNTY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified DEFENDANTS wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred.  Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of DEFENDANTS was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of Plaintiff's rights thereby justifying the award of punitive damages against DEFENDANTS and each of them.

129.    DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or DEFENDANTS gave little or no thought to the probable effects of their conduct.

130.    As police officers, Defendants abused a position of authority or a relationship that gave DEFENDANTS real or apparent power to affect PLAINTIFF's interests;

131.    As a direct and proximate result of the DEFENDANTS' actions, Plaintiff sustained severe mental and emotional distress, so much so that he had to move out of state, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

132.    DEFENDANTS aforementioned conduct as a substantial factor in causing Plaintiff's severe emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against DEFENDANTS, inclusive, as follows and/or a jury trial:

A.    For compensatory and special damages in an amount to be proven at trial;

B.    For loss of wages and earning capacity;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses;

G.    For costs of suit;

H.    For mental, emotional, physical past, present and future pain and suffering and reasonable costs of medical care; and

I.    For such further other relief as the Court may deem just, proper, and appropriate.


Dated: May 29, 2020                              **IVIE McNEILL WYATT**
                                                 **PURCELL & DIGGS**
                                       By:    ***/s/ Rodney S. Diggs***
                                                 **RODNEY S. DIGGS**
                                                 **ANTONIO K. KIZZIE**
                                                 **YALDA PAYDAR**
                                                 Attorneys for Plaintiff
                                                 **ELISE BROWN**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.


Dated: May 29, 2020                **IVIE McNEILL WYATT**
                                   **PURCELL & DIGGS**

                          By:      *<u>/s/ Rodney S. Diggs</u>*
                                   **RODNEY S. DIGGS**
                                   **ANTONIO K. KIZZIE**
                                   **YALDA PAYDAR**
                                   Attorneys for Plaintiff
                                   **ELISE BROWN**