**RODNEY S. DIGGS, ESQ. (SBN 274459)**
*rdiggs@imwlaw.com*
**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
*akizzie@imwlaw.com*
**YALDA PAYDAR, ESQ. (SBN 326081)**
*ypaydar@imwlaw.com*
**IVIE McNEILL WYATT PURCELL & DIGGS**
**A Professional Law Corporation**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Attorneys for Plaintiff, **ELISE BROWN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE BROWN, an individual, | CASE NO.:  5:20-cv-01116-MCS-SP |
| *Plaintiff,* | **THIRD AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **1.    EXCESSIVE FORCE (42 U.S.C. § 1983)** |
| COUNTY OF SAN BERNARDINO, a municipal entity, CITY OF CHINO, a municipal entity, OFFICER MATTHEW GREGORY, an individual, OFFICER MADALYN BRILEY and DOES 3-10, Inclusive, | **2.    UNLAWFUL/UNREASONABLE SEIZURE-DETENTION-ARREST (42 U.S.C. § 1983)** |
| | **3.    VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT/42 U.S.C. § 1983** |
| *Defendants.* | **4.    MONELL LIABILITY – RATIFICATION, INADEQUATE TRAINING, UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY (42 U.S.C. § 1983)** |
| | **5.    BATTERY/ASSAULT- (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)** |

1

)  **6.     VIOLATION OF THE**
)  **RALPH ACT (CAL. CIV. § 51. 7)**
)  **7.     VIOLATION OF THE BANE**
)  **ACT (CAL. CIV. § 52.1)**
)  **8.     NEGLIGENCE-**
)  **NEGLIGENT ENTRUSTMENT,**
)  **HIRING, SUPERVISION, AND/OR**
)  **RETENTION (Cal. Government**
)  **Code §§ 815.2(a), 820(a); Cal. Civil**
)  **Code § 43)**
)  **9.     INTENTIONAL**
)  **INFLICTION OF EMOTIONAL**
)  **DISTRESS**
)
)  **DEMAND FOR JURY TRIAL**
)
)

**COMES NOW PLAINTIFF ELISE BROWN** ("PLAINTIFF") who alleges as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory damages from Defendants **THE COUNTY OF SAN BERNARDINO** ("COUNTY"), **CITY OF CHINO** ("CITY"), as well as compensatory and punitive damages from individual Defendants **OFFICER MATTHEW GREGORY** ("GREGORY"), and **OFFICER MADALYN BRILEY** ("BRILEY") (collectively referred to as "Defendants") for violating various rights under the United States Constitution and state law in connection with Defendants' conduct on July 7, 2019 resulting in Plaintiff's serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial.

## JURISDICTION AND VENUE

2.     Venue and jurisdiction are proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action

occurred in the County of San Bernardino, California.

3.       This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.       At all relevant times herein, MS. ELISE BROWN, an individual, ("Plaintiff") was an individual senior citizen residing in the City of Chino, California, in the County of San Bernardino.

6.       At all relevant times herein, Defendant COUNTY OF SAN BERNARDINO (hereinafter "COUNTY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY had possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the County of San Bernardino Sheriff's Department, and its tactics, methods, practices, customs and usage. At all relevant times, COUNTY OF SAN BERNARDINO was the employer Defendant DOES 3-10 who were COUNTY OF SAN BERNARDINO deputies, police officers, managerial, supervisorial, and policymaking employees of County of San Bernardino Sheriff's Department.

7.       At all relevant times herein, Defendant CITY OF CHINO (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY had possessed the power and authority to

adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY of CHINO Police Department and/or County of San Bernardino Sheriff's Department, and its tactics, methods, practices, customs and usage. At all relevant times, CITY was the employer of Defendants Officer MATTHEW GREGORY, and Officer MADALYN BRILEY and DOES 3-10 who were CITY police officers, managerial, supervisorial, and policymaking employees of CITY police Department.

8.     On information and belief, at all relevant times, Defendant Officer MATTHEW GREGORY was a resident of County of San Bernardino, California and/or the City of Chino, California. Defendant Officer MATTHEW GREGORY is sued in his individual and official capacity.

9.     On information and belief, at all relevant times, Defendant Officer MADALYN BRILEY was a resident of County of San Bernardino, California and/or the City of Chino, California. Defendant Officer MADALYN BRILEY is sued in her individual and official capacity.

10.     On information and belief, at all relevant times, Defendant DOES 3-10 were residents of the County of San Bernardino, California and/or the City of Chino, California. Defendant DOES 3-10 are sued in their individual and official capacity.

11.     At all relevant times, Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendants DOES 3-10 were duly authorized employees and agents of CITY, who were acting under the color of law within the court and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

12.     At all relevant times, Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendant DOES 3-10 were duly appointed deputies/officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

13.     In doing the acts and failing and omitting to act as hereinafter

described, Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendants DOES 3-10 were acting on the implied and actual permission and consent of CITY.

14.    At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

15.    At all relevant times, Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendants DOES 3-10 were working for Defendants CITY as police officers.

16.    Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOES 3-10 Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes and thereon alleges that these does 3-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of unknown named DOE Defendants when they are ascertained.

17.    On January 2, 2020, Plaintiff filed a timely and comprehensive Claims for Damages ("Claim") with DEFENDANT COUNTY OF SAN BERNARDINO pursuant to applicable sections in the California Government Code and California Civil Code.

18.    On January 9, 2020, Plaintiff filed comprehensive Claims for

Damages ("Claim") with CITY OF CHINO pursuant to applicable sections in the California Government Code and California Civil Code, which was inadvertently and excusably untimely by only two (2) days for the reasons set forth in Plaintiff's Motion for Relief from the California Government Tort Claim Filing Requirements. Specifically, Plaintiff was unaware of Defendant City of Chino's participation in her unlawful search and seizure. At the time of Plaintiff's Claim for Damages, Plaintiff was under the belief that only Defendant County of San Bernardino was responsible for the incident that occurred on July 7, 2019. It was only until January 8, 2020, when Sergeant Jeremy Dean in the Civil Liability Division of San Bernardino County notified Plaintiff that she had submitted her claim for damages to the improper entity, that Plaintiff was made aware of Defendant City of Chino's participation in the July 7, 2019 incident. Upon learning this information, Plaintiff quickly filed a Claim for Damages with the City of Chino, the next day – January 9, 2020.

19.     Plaintiff's claim with Defendant CITY was rejected on February 19, 2020. On March 11, 2020, Plaintiff submitted an application to present a late claim to Defendant CITY, which was denied by Defendant CITY on or about April 27, 2020. Accordingly, Plaintiff filed a timely Motion for Late Claim Relief with respect to Defendant City of Chino pursuant to California Government Code § 946.6, which is currently before this Court and scheduled for hearing on March 3, 2021. Should the Court decide to relieve Plaintiff from California Government Tort Claim Act requirements, Plaintiff will elect proceed with all of the herein state causes of action against Defendant CITY.

## FACTS COMMON TO ALL CAUSES OF ACTION

20.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     On July 7, 2019, Plaintiff, an 84 year-old woman, was driving her car on her way to visit her son, when she was pulled over by Officers BRILEY,

GREGORY, and Defendants DOES 3-10 ("DOES"), who were employed as police officers of the Defendant City of Chino and/or deputies of Defendant COUNTY OF SAN BERNARDINO.

22. Defendants assert that they had reason to believe that Plaintiff's vehicle was stolen, and that they were responding to a hit on Plaintiff's stolen vehicle when they stopped Plaintiff in her vehicle.

23. Once pulled over, Officer BRILEY ordered Plaintiff to throw her keys out of the vehicle and exit the vehicle facing away from Defendants. BRILEY ordered Plaintiff to raise her hands in the air, pull her shirt above her waistband, and turn in a circular motion. Once Plaintiff completed a full rotation, Defendants were able to see a clear view of Plaintiff's face, body, and waistband and saw that Plaintiff was unarmed. Defendants then had strong evidence that Plaintiff was not likely involved in any carjacking, and that it was likely a misunderstanding given Plaintiff's elderly age and frail stature.

24. At this point, Defendants knew or should have known that Plaintiff did not commit any crime, was not about to commit any crime, and did not pose any threat to Defendants or others. Therefore, all actions by Defendants thereafter amounted to an unreasonable and lawful detention/seizure/arrest of Plaintiff.

25. Moreover, if Defendants conducted a reasonable investigation of the circumstances given their observations of Plaintiff up to and until when Plaintiff turned around and revealed her face, and that she was an elderly woman who likely did not commit a crime, Defendants would have easy uncovered that Plaintiff was not driving a stolen vehicle.

26. Plaintiff had reported another vehicle she owned as stolen prior to her encounter with Defendants. Defendants could have uncovered the mistake prior to their unreasonable detention/seizure/arrest of Plaintiff if Defendants did not act with neglect, racial animus, and excessive force against Plaintiff.

27. Even more unreasonable was Officers BRILEY, GREGORY, and Defendant DOES excessive and unreasonable used of firearms during the

incident. Defendants held Plaintiff at gunpoint during the entirety of the incident. This was unreasonably long after it was apparent or should have been apparent that Plaintiff was an 84-year-old woman and not a suspect in any crime. The use of firearms held at Plaintiff during the entirety of the encounter was unreasonable and caused Plaintiff severe, ongoing physical, mental and emotional distress.

28.      Defendants' seizure/detention/arrest became unlawful and unreasonable once Officer BRILEY conducted an arguably invasive search of Plaintiff, saw that Plaintiff was unarmed, elderly, and not likely a suspect in any crime.

29.      After said observations, BRILEY demanded that Plaintiff walk backwards with both of her arms raised in the air and kept her gun aimed on Plaintiff as Plaintiff complied with all of BRILEY's commands. Officer GREGORY then continued Officer BRILEY's command for Plaintiff to walk backwards toward Defendants. Plaintiff had to walk slowly and exercise caution due to her age and delayed physical mobility.

30.      Once Plaintiff reached Defendants' squad cars, Officer GREGORY demanded that Plaintiff get on her knees. Even as GREGORY witnessed Plaintiff struggle to keep her balancing while attempting to apply with his command, Officer GREGORY still demanded that Plaintiff keep her arms completed raised while dropping to her knees.

31.      Officer GREGORY then demanded Plaintiff to interlace her fingers and place her hands behind her head, and stated for Plaintiff not to move. Officer GREGORY's gun was aimed downwards on Plaintiff even as she was on her knees with her hands behind her back, unthreatening to Defendants.

32.      Officer GREGORY then approached Plaintiff with his gun still drawn and immediately handcuffed Plaintiff with the assistance of Officer BRILEY.

33.      Defendants were all stationed safely behind the doors of their squad cars duration the duration of Plaintiff's unreasonable detention until Officers

BRILEY and GREGORY stepped away from their vehicles to place Plaintiff in handcuffs. Defendant DOES knew that Plaintiff was unarmed, of elderly age, and of limited physical mobility. At no point did Defendants have reason to believe that they would be harmed by Plaintiff.

34.    Therefore, without reasonable suspicion and/or probable cause that Plaintiff had committed any crime, Defendants unreasonably and unlawfully detained Plaintiff by requiring her to walk backwards with her arm fully extended in the air, get on her knees, and handcuff her, humiliating her before the public and causing her severe, ongoing physical, mental and emotional distress.

35.    At no time was Plaintiff armed with any weapon, nor did Defendants have any reasonable or lawful basis to believe that Plaintiff was armed with any weapon or a reasonable threat of death or bodily harm to anyone.

36.    Upon information and belief, contrary to Officers BRILEY, GREGORY, and Defendants DOES' training, they negligently assessed the circumstances presented to them and violently confronted Plaintiff. Defendant BRILEY even stated that they have to "do what they gotta do." Another Officer at the scene jokingly mentioned that the "ACLU" should be called in order to not involve himself with what he witnessed BRILEY and GREGORY do to Plaintiff.

37.    At no time during the course of these events did Plaintiff pose any reasonable or credible threat of death or serious bodily injury to Officers BRILEY, GREGORY, or Defendant DOES, nor did she do anything to justify the force used against her, and the same was deadly, excessive, unnecessary, and unlawful. Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy or police officer that she had the will, or the ability to inflict substantial bodily harm against any individual.

38.    Despite the aforementioned conduct, Defendant CITY and/or COUNTY ratified, acquiesced, or otherwise turned a blind eye to Defendant DOES' misconduct, and allowed Officers BRILEY, GREGORY, and Defendant

DOES to remain a police officer and/or sheriff's deputy with Defendant CITY or COUNTY, which was a substantial and proximate cause of this incident and Plaintiff's damages. Upon information and belief, Officers BRILEY, GREGORY, and Defendant DOES displayed and acted with racial animus against Plaintiff in retaliation for and/or to prevent them from exercising their rights to be free from excessive force and/or verbally protest police misconduct in violation of Plaintiff's First Amendment rights.

39.    As a result of Defendant DOES' aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, humiliation, anxiety, etc. all in a sum to be determined at trial.

## FIRST CAUSE OF ACTION
### EXCESSIVE FORCE 42 U.S.C. § 1983
### (Plaintiff against Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendant DOES 3-10, Inclusive)

40.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.    Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10 unjustified excessive use of force deprived PLAINTIFF her right to be secure in her person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    The unreasonable use of force by Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10 deprived PLAINTIFF of her right to be secure in her person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth

Amendment.

43.     At all times relevant to the acts and omissions herein alleged, Defendant DOES were employed by Defendants CITY and/or COUNTY as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the CITY of Chino Police Department and/or COUNTY of San Bernardino Sheriff's Department.

44.     Despite not physically or actively resisting Defendants or engaging in any criminal misconduct and without any reasonable suspicion or probable cause to believe that Plaintiff was armed or involved in any crime or posed an objectively reasonable threat of death or serious bodily harm to the Defendants, Defendants used excessive force against Plaintiff by detaining Plaintiff at gunpoint in an unreasonable manner and for an unreasonable time which was unnecessarily painful, degrading, harmful, intrusive, or prolonged, causing pain, terror, humiliation, grief, anxiety, and distress.

45.     As result of the excessive force, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries.

46.     Upon information and belief, the Defendants have had several prior complaints of excessive force brought against them by citizens of the CITY and/or COUNTY indicative of the defendant officers' propensity to use excessive force that went uninvestigated and/or for which the deputies were subjected to no discipline nor remedial training or repercussions indicative of an unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force.

47.     The conduct Defendants was excessive, objectively unreasonable, willful, wanton, malicious, and in reckless disregard for the rights and safety of Plaintiff, especially because Plaintiff was unarmed, did not physically or verbally threaten the deputies with any physical harm, did not commit any crime, was not fleeing or attempting to flee, and was not physically or actively resisting the Defendants' efforts to arrest/detain her. The aforementioned conduct warrants the

imposition of exemplary and punitive damages against all individual DOE Defendants.

48.    Upon information and belief, Defendants' conduct also violated their standard police training.

49.    The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

50.    Plaintiff seeks past, present and future general, special, compensatory and consequential damages for the violation of Plaintiff's rights. Plaintiff also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**UNLAWFUL/UNREASONABLE SEIZURE- DETENTION-ARREST 42 U.S.C. § 1983**

**(Plaintiff against Defendant Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendant DOES 3-10, Inclusive)**

51.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.    At all times relevant herein, Plaintiff had a constitutionally afforded right against unlawful detentions which are unreasonable due to no reasonable suspicion that Plaintiff committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

53.    Upon information and belief in the instant case, Plaintiff's detention was unlawful because Defendants knew or should have known after initially detaining Plaintiff that Plaintiff committed no crime and Defendants had no objectively reasonable suspicion that Plaintiff committed any crime.

54.    Upon information and belief in the instant case, Plaintiff's detention

was unlawful because it was unreasonable in time and/or manner unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and not justified under the circumstances, especially when such detention was continued despite Defendants knowing or having reason to know that Plaintiff was a harmless 84 year-old woman.

55.     Upon information and belief, the Defendants unreasonably detained Plaintiff in a fearsome, degrading, prolonged, intimidating, intrusive, and embarrassing manner despite no reasonable belief that Plaintiff was armed, verbally or physically resisting them, attempting to flee or a threat of death or serious bodily harm to Defendants by pointing guns at Plaintiff for the entirety of the incident. This use of force and authority made it clear that Plaintiff was not free to go and was instead being detained as a criminal when Plaintiff committed no crime.

56.     Upon information and belief, the Defendants further unreasonably, painfully, unjustifiably, degradingly, and harmfully handcuffed Plaintiff and kept her in handcuffs whereby she was harmed mentally, physically and/or emotionally and detained for an unreasonable amount of time and/or manner because Plaintiff was never lawfully arrested.

57.     Upon information and belief, and despite not being under any lawful arrest, Plaintiff's person, effects and/or vehicle was searched in humiliating view of other civilians in violation of her rights against unreasonable detention/seizure/arrest.

58.      The aforementioned facts of Plaintiff's unreasonable detention and search directly and proximately caused Plaintiff general and special damages in an amount to be determined.

59.     Accordingly, Defendants each are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1988.

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT/42 U.S.C. § 1983**

**(Plaintiff against Defendant Officer MATTHEW GREGORY and Officer MADALYN BRILEY and Defendant DOES 3-10, Inclusive)**

60.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     At all times relevant herein, Plaintiff had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

62.     Upon information and belief, Officers BRILEY and GREGORY and Defendant DOES chose to use and/or used excessive force against and/or otherwise violated Plaintiff's rights and treated Plaintiff differently due to Plaintiff being African-American.

63.     Upon information and belief, a substantial and motivating reason for Defendants' use of excessive force, unlawful detention was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the Plaintiff because of Plaintiff's age, race, national origin, clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages against Defendant Officer MATTHEW GREGORY and Officer MADALYN BRILEY and the individual DOE Defendants.

64.     Plaintiff's race as an African-American was a motivating factor for Officer BRILEY, Officer GREGORY, and Defendant DOES discriminatory and negligent behavior toward Plaintiff. Plaintiff asserts that Defendants unreasonably seized, detained, and arrested her because she is African-American, and those of a different racial or ethnic creed would not have been treated the same way as

Plaintiff under these circumstances.

65.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the individual DOE Defendants.

66.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, pain and suffering either because they were integral participants in the excessive force and equal protection deprivation, or because they failed to intervene to prevent these violations. As a further proximate result of the above-described conduct of the Defendants, and each of them in an amount according to proof at trial.

67.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### MUNICIPAL LIABILITY-42 U.S.C. § 1983- RATIFICATION- INADEQUATE TRAINING, UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY

### (Against Defendants CITY and COUNTY)

68.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69.     Officers BRILEY, GREGORY, and Defendant DOES acted under color of law with authority as law enforcement officers from Defendant CITY and/or COUNTY.

70.     The acts of Officers BRILEY, GREGORY, and Defendant DOES deprived Plaintiff of her particular rights under the United States Constitution and aforementioned statutes.

71.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Officers BRILEY, GREGORY, and Defendant DOES ratified (or will ratify) Defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these defendants. Plaintiff is ignorant of the specific policymaker that knew and/or specifically approved of Officers BRILEY, GREGORY, and Defendant DOES conduct, and discovery must be conducted to ascertain the final policymaker's identity.

72.     Upon information and belief, a final policy maker determined DEFENDANTS' unconstitutional actions were "within policy" and ratified their acts alleged herein.

73.     By reason of the aforementioned acts and omissions, Plaintiff has suffered and hereby claims loss of wages, past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages, and loss of earning capacity.

74.     The training policies of Defendant CITY AND COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

75.     Defendant CITY AND COUNTY were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

76.     The failure of Defendant CITY AND COUNTY to provide adequate training caused the deprivation of the plaintiff's rights by Defendants; that is, the CITY's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury. Specifically, Defendant CITY and COUNTY failed to train or ensure that Defendants remained compliant with Defendant CITY and COUNTY training to not use excessive force and not detain persons once it is clear that Defendants have no reasonable suspicion or probable cause to seize/detain/arrest persons.

77.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of wages and loss of earning capacity. The aforementioned acts and omissions also caused Plaintiff's past and ongoing physical, mental and emotional pain and suffering.

78.     Officers BRILEY, GREGORY, and Defendant DOES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY and COUNTY.

79.     On information and belief, Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

80.     Defendant DOES, together with other CITY and COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force;

(b)     Providing inadequate training regarding the use of force;

(c)     Employing and retaining as police officers individuals such as Defendants, who Defendant CITY and/or COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants, who Defendant CITY and/or COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY and/or COUNTY officers/deputies and Officers BRILEY, GREGORY, and Defendant DOES;

(f)     Failing to adequately discipline CITY and/or COUNTY police

officers, including Defendants, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)     Announcing that unjustified uses of excessive force are "within policy," including incidents that were later determined in court to be unconstitutional;

(h)     Even where unlawful seizures/detentions/arrests are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unlawful and unreasonable seizures/detentions/arrests of those who officers know or have reason to known have not committed any crime; and

(k)     Detaining citizens without reasonable suspicion or in an unreasonable manner or for an unreasonable amount of time.

81.     The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are further evidenced by the number of unlawful and unreasonable seizures/detentions/arrests, which constituted excessive force, involving police

officers working for the City of Chino Police and/or County of San Bernardino Sheriff's Department. The following cases, without limitation, are examples of continued misconduct by police officers working for the City of Chino Police and/or County of San Bernardino Sheriff's Department:

(a)     Moreover, on information and belief, this is not Defendants' first complaint or lawsuit alleging excessive force.  Following these previous incidents, Defendant CITY and/or COUNTY failed to terminate Defendant, adequately discipline or retrain Defendants, or otherwise protect the public from Defendants. As a result of these actions and omissions, Plaintiff was injured and sustained mental, physical and emotional injuries.

82.     By reason of the aforementioned acts and omissions, Plaintiff suffered past, present and ongoing economic and non-economic damages including medical expenses, mental, physical and emotional damages.

83.     Defendants CITY and COUNTY and Defendant DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

84.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, COUNTY, and Defendant DOES were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

85.     On information and belief, there knowingly exists a secret group, society, fraternity, clique, and/or gang of police officers in the City of Chino

Police Department and County of San Bernardino Sheriff's Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

86.     On information and belief, Defendants, and each of them, are a member of a secret group, society, fraternity, clique, and/or gang of police officers in the City of Chino Police Department and County of San Bernardino Sheriff's Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

87.     Accordingly, Defendants and each of them are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

88.     Plaintiff also seeks attorney fees under 42 U.S.C. § 1988 for this claim.

### FIFTH CAUSE OF ACTION
### BATTERY BY A POLICE OFFICER AND ASSAULT
### (By Plaintiff against Defendant Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10, Inclusive)

89.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 88 of this complaint, and by reference incorporates the same herein and makes each a part hereof.

90.     Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10, while working as a Police Officer for the CITY Police Department, and acting within the course and scope of their duties, at the aforementioned date, time and place, Defendants, and each of them, assaulted and battered Plaintiff by subjecting her to unreasonable force. Defendants assaulted and battered Plaintiff by unreasonably pointing deadly weapons at her for and for an unreasonable amount of time, and by grabbing her hands and placing her in handcuffs. Plaintiff did not consent to Defendants' wrongful,

harmful, and offensive force and neither was Defendants' force privileged.

91.     By reason of the aforementioned Defendants' actions, Plaintiff was placed in great fear for her safety and physical and emotional wellbeing and had a reasonable belief that Defendants could carry out harm to Plaintiff.

92.     CITY are vicariously liable for the wrongful acts of Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.     The aforementioned acts of Defendants, and all of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of damages in a sum according to proof and punitive damages in a sum according to proof as against individual Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10.

## SIXTH CAUSE OF ACTION
### VIOLATION OF RALPH CAL. CIV. CODE 51.7
### (By Plaintiff against all Defendants, Inclusive)

94.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 93 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

95.     On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against defendants under California Civil Code Section 51.7.

96.     Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY, while working as officers for the CITY and/or COUNTY, and acting within the course and scope of their official duties, interfered with or

attempted to interfere with the rights of Plaintiff to be free from unreasonable seizures/detentions/arrests and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

97.     Defendants unreasonably and unlawfully placed Plaintiff in handcuffs and restrained her in violation of California Civil Code Section 43.

98.     On information and belief, Plaintiff reasonably believed that if she exercised her constitutional rights to be free from unreasonable seizures, arrests, searches, and/or excessive force Defendants would commit acts involving violence, threats, coercion or intimidation against her person.

99.     On information and belief, Defendants seized, detained, arrested, and used force against and/or injured Plaintiff to prevent Plaintiff from exercising her rights or to retaliate against Plaintiff for having exercised her rights.

100.     Upon information and belief, a substantial and motivating reason for the Defendants' use of excessive force, unlawful detention, search and arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the plaintiff because of Plaintiff's age, race, national origin, clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages against the individual Defendants.

101.     Defendants took advantage of Plaintiff's age and ability as an 84 year-old woman. After their preliminary detention and search of Plaintiff, Defendants knew that Plaintiff did not commit any crime, did not intend to commit a crime, and was not armed or dangerous.

102.     Defendants acted with racial animus and took advantage of Plaintiff's race and national origin by treating her in a manner otherwise unpermitted when dealing with non-African American persons.

103.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is

entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

104.    Defendants CITY and/or COUNTY are vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)
### (By Plaintiff against all Defendants, Inclusive)

105.    Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 104 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

106.    On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California through the aforementioned conduct, thereby providing a civil cause of action against defendants under California Civil Code Section 52.1.

107.    Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY, while working as officers for the CITY and/or COUNTY, and acting within the course and scope of their official duties, interfered with or specifically intended and attempted to interfere with the rights of Plaintiff to be free from unreasonable seizures/detentions/arrests and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

108.    On information and belief, Defendants seized, detained, arrested, used force against and/or injured Plaintiff to prevent Plaintiff from exercising her rights or to retaliate against Plaintiff for having exercised her rights.

109.     Defendants unreasonably and unlawfully placed Plaintiff in handcuffs and restrained her in violation of California Civil Code Section 43.

110.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

111.     Defendants CITY and COUNTY are vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## EIGTH CAUSE OF ACTION
### NEGLIGENCE/NEGLIGENT
### EMPLOYMENT/RETENTION/TRAINING/SUPERVISION
**(By Plaintiff against all Defendants, Inclusive)**

112.     Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 111 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

113.     On information and belief and sometime prior to this incident, Defendants CITY and/or COUNTY knew, or in the exercise of due care, should have known, that Officers BRILEY, GREGORY, and Defendant DOES, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for violence, dishonesty and prevarication, especially against persons of color.

114.     At all times mentioned herein, Defendants CITY and/or COUNTY knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of Defendants, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

115.    At all times mentioned herein, Defendants had a duty under the law to not unlawfully detain, unlawfully arrest, unlawfully search and/or use excessive force under the United States Constitution, all State and Federal laws.

116.    Notwithstanding such knowledge, Defendants CITY and/or COUNTY negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train and control Defendants, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while purporting to act under the color of law.

117.    As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff suffered mental anguish, physical pain and suffering, emotional distress and financial losses, all to the Plaintiff's damage in a sum according to proof.

118.    Further, Defendant CITY and/or COUNTY are responsible for the actions, inactions and damages caused by Defendants under *respondeat superior* including, but not limited to under California Govt. Code § 815.2, 820, and 825.

119.    Police officers, including Officers BRILEY, GREGORY, and Defendant DOES, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

120.    The Defendants breached their duty of care to Plaintiff and every citizen by engaging in the conduct alleged herein. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to use force against Plaintiff

(b) the negligent tactics and handling of the situation with Plaintiff, including pre-seizure/detention/arrest negligence;

(c) the negligent scope and manner of the seizure and use of force, against Plaintiff;

(d) the failure to properly train and supervise employees, both professional and non-professional, including Officers BRILEY, GREGORY, and Defendant DOES, inclusive;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of Plaintiff;

(f) the negligent handling of evidence, witnesses, and the negligent investigation of the unlawful and unreasonable seizure/detention/arrest of Plaintiff; and

(g) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

121.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe past and future mental and physical pain and suffering. Plaintiff was also caused to suffer substantial harm including but not limited to past and future pain and suffering. In other words, the Defendants' negligence was a substantial factor in causing Plaintiff's harm.

122.    The harm caused by Defendants was caused by something that only the Defendants controlled. The Defendants had control over the tactical decisions made during the interaction.

123.    Defendants' aforementioned violations of the law as stated was a substantial factor in bringing about Plaintiff's harm.

124.    The CITY and COUNTY are vicariously liable for the wrongful

acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability. Plaintiff also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

**<u>NINTH CAUSE OF ACTION</u>**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(By Plaintiff against all Defendants, Inclusive)**

125.   Plaintiff hereby restates and incorporates by reference paragraphs 1 through 124 as though set forth in full herein.

126.   The above acts and omissions of Defendants were done with knowledge that Plaintiff was particularly susceptible to mental and emotional distress by virtue of Plaintiff's age, race, size and vulnerability.

127.   Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY were officers who were acting in the course and scope of their employment and on behalf of Defendant CITY and/or COUNTY with all requisite authority conferred upon them by Defendant CITY and/or COUNTY.

128.   Defendants knew or had reason to know that their aforementioned unprivileged acts and omissions would cause Plaintiff severe and ongoing mental and emotional distress. The above-mentioned acts were committed by Defendants were extreme and outrageous with willful intention and/or reckless disregard that Plaintiff of the probability that Plaintiff would suffer severe emotional and mental distress as a result knowing that Plaintiff was present when the conduct occurred.

129.   Keeping guns pointed at Plaintiff, making her drop to her knees with no support at her elderly age, and continuing down a line of seizure/detention arrest when it is clear that Plaintiff was not involved in any crime was extreme and outrageous.

130.   By virtue of Defendants' positions and employment, Defendants CITY and/or COUNTY knew of or reasonably should have known of, authorized,

27

adopted, approved and/or ratified Defendants' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred. Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of Defendants was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of Plaintiff's rights thereby justifying the award of punitive damages against the individual DOE Defendants and each of them.

131. Defendants knew or should have known that severe emotional distress would result from their conduct; or Defendants gave little or no thought to the probable effects of their conduct.

132. As police officers, Defendants abused a position of authority or a relationship that gave Defendants real or apparent power to affect Plaintiff's interests.

133. As a direct and proximate result of the Defendants' actions, Plaintiff sustained severe mental and emotional distress, so much so that he had to move out of state, thereby justifying an award of compensatory, special and punitive damages against the individual DOE Defendants in an amount to be proven at trial.

134. Defendants aforementioned conduct as a substantial factor in causing Plaintiff's severe emotional distress.

135. The CITY and COUNTY are vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants, inclusive, as follows and/or a jury trial:

A. For compensatory and special damages in an amount to be proven at

trial;

        B.     For loss of wages and earning capacity;

        C.     For punitive damages against the individual Defendants Officer MATTHEW GREGORY and Officer MADALYN BRILEY and DOES 3-10, in an amount to be proven at trial;

        D.     For statutory damages;

        E.     For interest;

        F.     For reasonable attorneys' fees, including litigation expenses and costs pursuant to 42 U.S.C. § 1988 and Civil Code section 52.1(h);

        G.     For costs of suit;

        H.     For mental, emotional, physical past, present and future pain and suffering and reasonable costs of medical care; and

        I.     For such further other relief as the Court may deem just, proper, and appropriate.

February 22, 2021           **IVIE McNEILL WYATT PURCELL & DIGGS**

               By:    ***/s/ Rodney S. Diggs***
                         **RODNEY S. DIGGS**
                         **ANTONIO K. KIZZIE**
                         **YALDA PAYDAR**
                         Attorneys for Plaintiff
                         **ELISE BROWN**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

February 22, 2021          **IVIE McNEILL WYATT PURCELL & DIGGS**


                    By:    */s/ Rodney S. Diggs*
                           **RODNEY S. DIGGS**
                           **ANTONIO K. KIZZIE**
                           **YALDA PAYDAR**
                           Attorneys for Plaintiff
                           **ELISE BROWN**