UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:20-cv-01116-MCS-SP** | Date | November 17, 2021 |
| Title | ***Elise Brown v. County of San Bernardino*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:**     (IN CHAMBERS) ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT (ECF NO. 113) AND DENYING STIPULATION TO STAY (ECF NO. 125)

Defendant County of San Bernardino ("County") moves for an order determining that Plaintiff Elise Brown and Defendant County entered a settlement in good faith within the meaning of California Code of Civil Procedure section 877. (Mot., ECF No. 113.) Although Defendant Officers Gregory and Briley did not stipulate to good faith of the settlement, they did not oppose. (*Id.* at 7.)[1] The Court heard the motion on November 15, 2021.[2]

To facilitate early and complete settlement in multi-party litigation, a federal court may determine that the settlement of a state-law claim was made in good faith under California Code of Civil Procedure sections 877 and 877.6. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) (affirming district court's application of Cal. Civ. Proc. Code § 877, which

---

[1] The Officers were dismissed from the case on qualified immunity grounds two days after this motion was filed. (*See* ECF Nos. 113–14.)
[2] No counsel appeared to argue the motion. The Court admonishes the parties for failure to comply with Local Rule 7-14.

---

constitutes substantive state law); *In re Heritage Bond Litig.*, 546 F.3d 667, 680 (9th Cir. 2008) (discussing purpose of Cal. Civ. Proc. Code § 877.6). To determine whether a settlement was made in good faith, courts weigh the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). If the settling parties make a prima facie showing of good faith, the burden of proof shifts to the party contesting the settlement to demonstrate that "the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id.* at 499–500; *accord City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

The *Tech-Bilt* factors weigh in favor of a determination of good faith settlement. After arms-length negotiations between the parties before a federal panel mediator and continued informal settlement discussions, the County agreed to settle all claims against the County arising from the July 7, 2019 incident for a payment of $10,000 to Plaintiff. (Mot. 7, 11.) Accepting for the purpose of this motion the County's unopposed legal argument concerning its approximate proportionate liability and the estimated amount of Plaintiff's damages, (*id.* at 9–11), the settlement amount is within the reasonable range of the County's share of liability. Additionally, there is no suggestion that the settlement amount must include attorney's fees for Plaintiff because her only claim against the County is negligence. Finally, there is no evidence of collusion, fraud, or tortious conduct. Weighing these factors, the Court concludes that Plaintiff and the County entered their settlement in good faith pursuant to California Code of Civil Procedure sections 877.6.

The motion is granted. This determination bars any other joint tortfeasor or co-obligor from any further claims against the County for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. Cal. Civ. Proc. Code § 877.6(c).

All of Plaintiff's claims have been resolved through settlement, dismissal, or summary judgment. Accordingly, the stipulation to stay the case pending appeal (ECF No. 125) is denied as unnecessary. The parties shall confer and file a proposed judgment within 14 days.

**IT IS SO ORDERED.**